## James *v.* Unemployment Compensation Board of Review.

490

Argued September 12, 1972, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Rose Marie Rhodes,* with her *Herbert Karasin,* Community Legal Services, Inc., for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, October 25, 1972:

This is an appeal from an Order of the Unemployment Compensation Board of Review (Board) disallowing an appeal from an adjudication of a Referee of the Board, denying the claim of Florence P. James (James) for unemployment compensation.

James had been in the employ of I-T-E Imperial Corporation of Philadelphia for two years as a wirer and solderer prior to January 15, 1971, when she voluntarily terminated her employment. On June 17, 1971, James filed an application for unemployment compensation giving as her reason "too much tensions." After a denial of her claim by the Bureau of Employment Security, a hearing was held before a Referee of the Board. James was the only witness at that hearing. The Referee concluded that James had not met the burden of proof requisite to show a compelling and necessitous cause for voluntarily terminating her employment as required by Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, 2d Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(b) (1), which provides in pertinent part: "An employe shall be ineligible for compensation for any week—(b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." The Board in effect affirmed the Referee's decision.

James appeals to this Court on the contention that the record discloses the reason for her voluntary termination of employment; i.e., that she had been discriminated against because of her race.

The scope of review by this Court is outlined in Section 510 of the Pennsylvania Unemployment Compensation Law, 43 P.S. §830, wherein it is stated: "In any appeal . . . the findings of the board or the referee, as the case may be, as to the facts, if supported by the evidence and in the absence of fraud, shall be conclusive, and in such cases the jurisdiction of the court shall be confined to questions of law. . . ."

This Court in recent cases has followed the holding of the Pennsylvania Superior Court in the case of *Ristis Unemployment Compensation Case*, 178 Pa. Supe-

492

rior Ct. 400, 116 A. 2d 271 (1955) where the court stated: " 'The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn from it are for the board. Our duty is performed by studying the testimony in the light most favorable to the party in whose favor the board has found, giving that party the benefit of every inference which can be logically and reasonably drawn from it.' " (Citations omitted). 178 Pa. Superior Ct. at 403, 116 A. 2d at 272. *See Cleaver v. Unemployment Compensation Board of Review,* 5 Pa. Commonwealth Ct. 255, 290 A. 2d 279 (1972) and *Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972).

In reviewing the record made before the Referee, we must also take notice that the burden of proving a right to unemployment compensation rests with the claimant. *See Smith Unemployment Compensation Case,* 167 Pa. Superior Ct. 242, 74 A. 2d 523 (1950).

We have carefully reviewed the entire record in this case. Although we find a reference to possible racial discrimination in the testimony taken before the Referee, and also a notation that James "felt that she was being discriminated against" in the Notice of Determination filed by the Bureau of Employment Security, the record also discloses a signed statement in which James complained about discrimination which discloses that the discrimination about which she complained involved another female employee of her own race. We conclude that the record in this case fails to disclose by substantial evidence that James voluntarily terminated her employment because of racial discrimination. In doing so, we want to make it clear that although the Unemployment Compensation Law does not specifically refer to racial discrimination, if the record had dis-

closed substantial evidence indicating racial discrimination to be the compelling and necessitous cause for her voluntary termination of employment, she would have been entitled to unemployment compensation benefits. However, as in the case before us, dissatisfaction with wages or working assignment does not constitute cause of a necessitous and compelling nature for terminating employment. *See DeLuca Unemployment Compensation Case,* 198 Pa. Superior Ct. 120, 182 A. 2d 279 (1962).

We conclude that in this case the claimant, James, failed to carry her burden of proving a cause of a necessitous and compelling nature which would justify her voluntarily leaving her employment, and therefore we must affirm the Order of the Board.