A. M. Elshinnawy, Appellant, v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued February 8, 1974, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Charles J. King, Jr.,* with him *Rogers, Smith & King,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, April 1, 1974:

This is an appeal filed by A. M. Elshinnawy (Elshinnawy) from an order dated July 31, 1973, of the

Unemployment Compensation Board of Review (Board) in which the Board disallowed the appeal of Elshinnawy from an adjudication of the Board's referee denying unemployment compensation benefits.

Elshinnawy was employed by Borzillo Bakery as a foreman in the packaging department from September 1971 until August 1, 1972. When Elshinnawy was hired for the job, there was an understanding that he would work each day until the work was completed. Normally, a foreman at this bakery worked more than 40 hours per week. All time over 40 hours per week was paid as overtime. The record indicates that Elshinnawy complained to his employer about the amount of overtime involved and asked for a reduction in the number of working hours per week. After the employer refused to reduce the number of working hours per week, Elshinnawy voluntarily terminated his employment.

In his appeal to this Court, Elshinnawy contends that he left his employment because of a necessitous and compelling reason, namely, that the number of hours required by this job was injurious to his health. He argues that proof of the necessitous and compelling health reason was offered by way of a letter written by his family physician on August 25, 1972 (some 24 days after he terminated his employment). The letter stated that: "Mr. A. Elshinnawy stopped working Aug. 4, 1972 because of what I would consider 'nervous exhaustion'. For him to continue to work as he was would have been detrimental to his health." The referee found that, at the time of Elshinnawy's termination of employment, he was not under the care of a doctor and was not advised by a doctor to leave the job because of his health. The referee concluded that Elshinnawy had failed to meet his burden of proving that he had necessitous and compelling reasons for leaving his job.

"Our scope of review in these cases, absent fraud, is confined to questions of law, and a determination as to whether the Board's findings are supported by the evidence. The credibility and weight to be given evidence are questions for the Board. The party victorious below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence." *Starr v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 265, 267-268, 309 A. 2d 837, 839 (1973).

The record clearly shows that Elshinnawy voluntarily terminated his employment. This being so, the validity of his separation must be determined under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). Section 402(b)(1) provides in pertinent part as follows:

"An employe shall be ineligible for compensation for any week . . .

"(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act: . . . ." Prior cases give us some guidelines in interpreting this section of the statute. In *Marzolf Unemployment Compensation Case,* 198 Pa. Superior Ct. 203, 206, 181 A. 2d 867, 869 (1962), the Court stated: "Since the claimant voluntarily terminated his employment the burden rests upon him to show cause of a necessitous and compelling nature for doing so. Johnson Unemployment Compensation Case, 182 Pa. Superior Ct. 138, 125 A. 2d 458 (1956). Where the claimant does not consult a physician his unsupported statement that the work adversely affects his health is insufficient, of itself, to establish good cause for leaving. Molton Un-

employment Compensation Case, 194 Pa. Superior Ct. 190, 166 A. 2d 103 (1961); Zielinski Unemployment Compensation Case, 174 Pa. Superior Ct. 244, 101 A. 2d 419 (1953)." In *Tollari v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 589, 592, 309 A. 2d 833, 835 (1973), we stated: "It is also true, however, that the 'illness of a claimant may constitute a valid personal reason and good cause for leaving his employment within the meaning of Section 402(b) of the Unemployment Compensation Law.' McComb Unemployment Compensation Case, 179 Pa. Superior Ct. 424, 426, 116 A. 2d 92, 93 (1955)." But in *Tollari* we also pointed out that in this type of case it is necessary for the claimant to show that his request for lighter work was based upon health reasons. We also noted that a physician's statement obtained *after* the termination of employment is of little evidentiary value unless the statement adequately explains and supports the health reasons as they existed on the date of the termination. The statement of Elshinnawy's physician does not adequately explain and support the health reasons as they existed on the date of Elshinnawy's termination of employment. There is no evidence that the physician ever examined Elshinnawy on or before August 1, 1972.

We have carefully reviewed the record in this case, and it permits us to conclude that Elshinnawy did not disclose health reasons when he requested lighter work. Elshinnawy did request shorter hours, but the record does not indicate that he informed his employer of the reason for the request. Furthermore, the record shows that Elshinnawy did not inform his employer of any health problem prior to his voluntary termination of employment. Under these circumstances, we are under a duty to affirm the adjudication of the Board. We therefore

## ORDER

AND NOW, this 1st day of April, 1974, it is ordered that the appeal of A. M. Elshinnawy is hereby dismissed, and the order of the Unemployment Compensation Board of Review is hereby affirmed.