Fred J. Eckenrod, Jr., Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued June 6, 1974, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Alex E. Echard,* with him *H. Keith Hauger,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, September 9, 1974:

This is an appeal by Fred J. Eckenrod, Jr. (Eckenrod) from an order of the Unemployment Compensation Board of Review (Board), dated September 26, 1973, denying Eckenrod's claim for unemployment compensation.

Eckenrod was employed as a field auditor by the Commonwealth of Pennsylvania from August 19, 1968 until September 22, 1972. On that latter date, Eckenrod terminated his employment, without having given prior notice. On June 3, 1973, Eckenrod filed a claim for unemployment compensation. The Bureau of Employment Security (Bureau), on July 3, 1973, found that Eckenrod had voluntarily left work without cause of a necessitous and compelling nature, and therefore disapproved Eckenrod's claim. Eckenrod appealed and a hearing was held on August 1, 1973. In a decision dated August 7, 1973, the referee found that Eckenrod voluntarily resigned "because he had received a written reprimand concerning his work, he felt he was being harassed by his supervisor and because of a nervous condition aggravated by marital difficulties and a hope that he had other employment." The referee also found that Eckenrod had not been advised by a physician to leave his work prior to his termination of employment, and that Eckenrod did not have a definite job offer at the time he terminated his employment. The referee decided that Eckenrod had voluntarily terminated his employment without cause of a necessitous and compelling nature, and therefore the referee affirmed the Bureau's decision denying Eckenrod's claim. Eckenrod appealed to the Board, and in an order dated September 26, 1973 the Board concluded that the referee's decision was proper.

In his appeal to this Court, Eckenrod argues that he left his job with cause of a necessitous and compelling nature and that, therefore, he is not ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).[1] Eckenrod argues that he had to leave his job because of a nervous condition which was aggravated by marital difficulties and by conflicts with his supervisor. He also contends that he was justified in leaving his employment because he had a right to rely upon an oral representation that another government job would be available to him after he terminated his employment.

Our scope of review in an unemployment compensation case is confined to questions of law, and absent fraud, a determination as to whether the findings of the Board are supported by the evidence. Questions concerning the weight and credibility of evidence are for the Board and, furthermore, the party prevailing below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence. *See Hinkle v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 512, 308 A. 2d 173 (1973).

In support of his claim that a nervous condition forced him to leave his job, Eckenrod introduced into the record two letters from his doctor which state that Eckenrod is disabled due to a nervous condition. Unfortunately, these letters are dated nearly two months

---

[1] Section 402(b)(1) reads in pertinent part as follows:

"An employe shall be ineligible for compensation for any week—

. . . .

"(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act . . . ."

after Eckenrod's termination of employment, and are not sufficient to support his claim that he had a necessitous and compelling medical reason for terminating his employment. *See Elshinnawy v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 597, 317 A. 2d 332 (1974). There is no medical evidence in this record that Eckenrod was advised by a physician to terminate his employment.

Eckenrod also alleges that he had good cause for leaving his employment because he had received an oral representation that a state government job in another department would be available to him after his termination of employment. The record shows, however, that Eckenrod did not have a firm offer of employment with a definite date of hire. The mere possibility of other employment is not sufficient to constitute cause of a necessitous and compelling nature for voluntarily terminating one's employment. *See Kowal Unemployment Compensation Case*, 196 Pa. Superior Ct. 621, 176 A. 2d 151 (1961).

With regard to Eckenrod's problems with his supervisor, we need only say that mere dissatisfaction with work conditions also does not constitute good cause for voluntary termination of employment which would entitle him to benefits. *See Knox v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 588, 317 A. 2d 60 (1974).

An employe who claims unemployment compensation benefits, following a voluntary termination of employment, has the burden of showing that such termination was with cause of a necessitous and compelling nature. *See Tollari v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 589, 309 A. 2d 833 (1973). We have carefully reviewed the record in this case and we conclude that Eckenrod has failed to meet his burden. We also conclude that all the findings of the referee are supported by sub-

stantial evidence and that the Board's order affirming the referee's decision was correct. In accordance with the above, we therefore

### ORDER

AND Now, this 9th day of September, 1974, the order of the Unemployment Compensation Board of Review, dated September 26, 1973, denying benefits to Fred J. Eckenrod, Jr., is hereby affirmed.