Martin Taylor, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

392

Argued January 9, 1975, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three. Resubmitted on briefs April 28, 1975 to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Mark B. Segal,* with him *Harold I. Goodman,* for appellant.

*Charles G. Hasson,* with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 2, 1975:

This is a direct administrative appeal from a decision of the Unemployment Compensation Board of Review denying a claimant unemployment compensation on the ground that he voluntarily terminated his employment without cause of a necessitous and compelling nature and was thus disqualified under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

The claimant, Martin Taylor, was last employed by Victor's Cafe, Philadelphia, Pennsylvania, for three years as a chef at $175.00 per week. Claimant is a black man, and Victor's Cafe is located in a predominantly white area of Philadelphia, serving a predominantly white clientele. On May 26, 1973, he terminated his employment there due to what he described as an atmosphere of racial tension prevailing at the cafe which made him mentally and physically ill while on the job. Shortly thereafter, he filed for unemployment compensation, but his application was disallowed by the Bureau of Employment Security under Section 402(b)(1), 43 P.S. §802(b)(1).[1] On appeal, a referee and the Unemployment Compensation Board of Review (Board) sustained claimant's ineligibility under Section 402(b)(1), holding that claimant had

---

1. Providing in pertinent part: "An employe shall be ineligible for compensation for any week—

"(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature...."

failed to meet his burden of proving cause of a necessitous and compelling nature for his termination. In support thereof, the Board made the following findings of fact relevant to our review:

"2. The claimant contends that during this period of employment, incidents and remarks made on the employer's premises created an atmosphere of racial tension.

"3. The majority of remarks and incidents which claimant alleges created an atmosphere of racial tension was (sic) made by customers at the bar on the employer's premises.

"4. The claimant's work station was in the basement and most of the remarks and incidents as alleged by claimant did not occur in his presence.

"5. The employer did not create an atmosphere of racial tension in his establishment.

"6. The employer did not discriminate against the claimant.

"7. On May 26, 1973, claimant voluntarily terminated his employment because he felt the racial tension on the job was making him physically and mentally ill.

"8. The claimant at the time of his termination was not under a doctor's care nor was he advised by a physician to leave his work.

"9. Continuing work was available for claimant had he desired to remain employed."

As claimant had the burden of proof,[2] and the Board found against him, our review is limited to questions of law and whether the findings and order of the Board can be sustained without a capricious disregard of competent evidence. *Crumbling v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 546, 322

---

2. *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A. 2d 398 (1974).

A. 2d 746 (1974); *Zysk v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 409, 316 A. 2d 663 (1974). The party prevailing below is entitled to all favorable inferences reasonably deducible from the evidence. Questions of credibility and weight to be given the evidence, of course, remain the exclusive province of the Board, and this Court will not disturb these determinations on appeal. *Peluso v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 250, 315 A. 2d 340 (1974) ; *Woodson v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 526, 300 A. 2d 299 (1973), *rev'd on other grounds*, — Pa. —, 336 A. 2d 867 (1975).

After a careful examination of the record, we must agree that claimant failed to establish that his employer had discriminated against him in job advancement because of his race, which if proven by competent evidence would constitute cause of a necessitous and compelling nature. See *James v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 489, 296 A. 2d 288 (1972).[3] Nor was claimant's statement, unsupported by

---

3. Unlike *Woodson v. Unemployment Compensation Board of Review, supra,* where the Supreme Court reversed the compensation authorities' determination that the claimant's absenteeism and tardiness constituted willful misconduct under Section 402 (e), 43 P.S. §802 (e), the record here does not establish that the employer adopted a different standard for job advancement as between white employees and black employees. The claimant fails to recognize that under Section 402 (e), the provision under which *Woodson* was decided, the employer had the burden of proof as well as coming forward with evidence to establish that an involuntary termination was for willful misconduct. See *O'Keefe v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 333 A. 2d 815 (1975). As previously indicated, however, under Section 402 (b) (1), the claimant had the burden of proving that his voluntary termination was for necessitous and compelling reasons. *United States Steel Corporation v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 71, 333 A. 2d 807 (1975) ; *Stalc v. Unemployment Compensation Board of Review,*

any medical evidence, that the conditions of his employment adversely affected his health sufficient to establish good cause for leaving. *Elshinnawy v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 597, 317 A. 2d 332 (1974).

There remains the question, however, of whether, as an independent ground, the racial slurs directed at claimant in his place of employment were sufficient to warrant his voluntary termination. It has been consistently held by the courts of this Commonwealth that abusive and profane language directed at an employe over a long period of time may render his working conditions intolerable and constitute necessitous and compelling cause justifying a voluntary termination. *Palmitessa v. Unemployment Compensation Board of Review,* 197 Pa. Superior Ct. 618, 179 A. 2d 679 (1962); *Trinovitch v. Unemployment Compensation Board of Review,* 169 Pa. Superior Ct. 269, 82 A. 2d 277 (1951). The abusive remarks, however, must be more than the mere "kidding" frequently encountered in employment situations and be of such a nature as would prompt a reasonably sensitive employe to terminate his employment. *See Thibodeau v. Unemployment Compensation Board of Review,* 178 Pa. Superior Ct. 10, 112 A. 2d 427 (1957). In this respect, the instant record tests the limits of our review. The only testimony presented before the referee and Board was by claimant and two co-workers who testified on his behalf. The employer did not appear at either hearing. Although the Board in its findings and discussion of the case agreed that numerous incidents evidencing a racial

---

*supra.* In the instant case, the only evidence presented by the claimant of job discrimination was a statement by the employer's minor son to the effect that claimant had advanced as far as he could go when he "walked through the door." Even were we to assume that this was admissible evidence, it certainly does not establish job discrimination in the context of employment in a small cafe of limited positions where claimant had held a chef's position for three years.

animus toward claimant had, in fact, occurred in his place of employment, it found that they were not of such a nature and frequency as to warrant claimant's voluntary termination. Necessarily, this determination was based upon a critical evaluation of the credibility and demeanor of the respective witnesses and the weight to be given the acknowledged incidents of racial prejudice. There can be no question but that from the cold printed record before us we would have reached a different decision. But that is not our function. We cannot find that the Board abused its fact-finding discretion or otherwise capriciously disregarded competent evidence in holding that claimant had not met his burden of proving that his voluntary termination was the product of an atmosphere of racial tension existing at his place of employment.

Hence, we enter the following

### ORDER

AND NOW, this 2nd day of June, 1975, the decision of the Unemployment Compensation Board of Review is affirmed, and claimant's appeal is dismissed.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent.

As the majority points out, the employer failed to appear at either of the two hearings conducted by referees. The appellant's uncontradicted evidence consisted of his account of an uncomplimentary remark by his employer concerning persons of the black race, an insulting epithet, followed by an insincere apology, directed to him by the employer's son, and of racial slurs by customers of the employer's restaurant. Two fellow employees testified in behalf of the appellant that the employer referred to the appellant in disparaging racial terms. The Board of Review found as a fact that Mr. Taylor quit his job

"because he felt the racial tension . . . was making him physically and mentally ill."

The majority goes astray, in my opinion, in concluding that our scope of review precludes us from reversing the Board's determination that the facts do not demonstrate necessitous and compelling reasons for appellant's leaving his employment.[1] The question of whether undisputed facts constitute such cause is one of law which it is our duty to review. *See Stryker v. U.C.B.R.,* 14 Pa. Commonwealth Ct. 429, 322 A.2d 737 (1974). The compensation authorities having found that instances evidencing racial animus occurred and that they caused the appellant to leave his employment, it is for us on review to determine whether these facts in law constitute necessitous and compelling cause for appellant to quit. It is my belief that they did.

Racial discrimination is a compelling and necessitous cause for voluntary termination. *See James v. U.C.B.R.,* 6 Pa. Commonwealth Ct. 489, 296 A.2d 288 (1972). So, too, are insults. *Palmitessa v. U.C.B.R.,* 197 Pa. Superior Ct. 618, 179 A.2d 679 (1962).

I would conclude on this record that the appellant had carried his burden of proving necessitous and compelling cause for leaving his employment with Victor's Restaurant and I would reverse the Board's denial of benefits.

Judge KRAMER and Judge BLATT join in this dissent.

---

1. The majority concedes that "the instant record tests the limits of our review" and declares that "[a]lthough the Board in its findings and discussion of the case agreed that numerous instances evidencing a racial animus toward claimant had, in fact, occurred in his place of employment, it found that they were not of such a nature and frequency as to warrant claimant's voluntary termination."