## Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania v. Latifah Perry, Appellant.

430

Argued December 5, 1975, before Judges Kramer, Wilkinson, Jr., and Rogers, sitting as a panel of three.

*L. Bruce Hoffman,* with him *Norman M. Rosengarten* and *Rosengarten & Goldsmith,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Wilkinson, December 23, 1975:

The controlling facts in this appeal from a denial of unemployment compensation by the Bureau, the referee, and the Board of Review are quite simple, and we think the law is quite clear. The only fact in dispute is whether appellant submitted a medical certificate to her employer that she was advised by her physician to terminate her employment. She testified that she did supply such a certificate, but her employer testified she did not. It is clear that appellant was given a form on which to submit a doctor's certificate, and this form was never returned to the Bureau. Indeed, the case was reopened and a hearing officer for the Board held a further hearing to give appellant another opportunity to submit proper medical testimony, and she failed to do so. Therefore, it is abundantly clear that the Board of Review's order, affirming the

referee and denying benefits, is supported by the finding that a medical certificate was not submitted.

As to the law, the denial is based on Section 402 (b) (1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P. S. §802 (b) (1), which mandates ineligibility if the unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. Since it is admitted to be a voluntary termination, the burden of proving a necessitous and compelling reason is on appellant. *Tollari v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973) ; *Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 309 A.2d 181 (1973).

The decisions of the Pennsylvania Superior Court and of this Court make a medical certificate, showing that the appellant was advised to terminate the employment for health reasons, a *sine qua non* to eligibility. *Molton Unemployment Compensation Case,* 194 Pa. Superior Ct. 190, 166 A.2d 103 (1960) ; *Eckenrod v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 166, 169-70, 325 A.2d 320, 322 (1974), wherein Judge KRAMER stated:

"In support of his claim that a nervous condition forced him to leave his job, Eckenrod introduced into the record two letters from his doctor which state that Eckenrod is disabled due to a nervous condition. Unfortunately, these letters are dated nearly two months after Eckenrod's termination of employment, and are not sufficient to support his claim that he had a necessitous and compelling medical reason for terminating his employment. See Elshinnawy v. Unemployment Compensation Board of Review, 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974). There is no medical evidence in this record that Eckenrod was advised by a physician to terminate his employment."
Somehow appellant insists that a voluntary quit for

reasons of pregnancy is a leaving for a necessitous and compelling reason under a recent opinion of the Attorney General of Pennsylvania. Quite the contrary. The Attorney General's opinion correctly sets forth the law to be that the Pennsylvania Human Relations Act, Act of October 27, 1955, P. L. 744, *as amended*, 43 P. S. §951 *et seq.*, requires that pregnancy be treated as any other disease. Just as the employer may not discharge the employee for pregnancy without a showing that in her particular case, the pregnancy made her incapable of satisfactorily fulfilling her assigned tasks, so the employee may not voluntarily quit because of pregnancy and be eligible for unemployment compensation benefits without a showing that her decision was based on medical advice. To quote from the Attorney General's Opinion No. 9, dated February 7, 1974, addressed to Honorable Paul J. Smith, Secretary of Labor and Industry:

"A pregnant woman who has voluntarily terminated her employment because her doctor has informed her that her condition has made it necessary to seek less strenuous work, shall be considered to have left work for 'good cause' if she has requested less strenuous work from her employer and he is unable or unwilling to provide it."

Finally, appellant's argument that obtaining a medical certificate indicating that a doctor advised a woman in her ninth month of pregnancy she was medically unable to work would be frivolous must be rejected. This would be impermissibly placing pregnancy in a class apart from other illnesses which must be treated on an individual, case-by-case basis.

Accordingly, we enter the following

ORDER

Now, December 23, 1975, the order of the Unemployment Compensation Board of Review, dated August 5, 1974, denying benefits to Latifah Perry, is hereby affirmed.