Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Frank W. Leonhart, Jr., Appellant.

Argued February 5, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Charles A. Bierbach,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, March 31, 1976:

This is an appeal by Frank W. Leonhart from an order of the Unemployment Compensation Board of Review, dated June 4, 1975, which reversed a referee's determination and denied benefits. Leonhart raises two issues concerning (1) the power of the Board to substitute its own findings of fact for those of the referee; and (2) whether the facts as found support a conclusion of willful misconduct on the part of Leonhart. We find no error and affirm the Board.

A lengthy recitation of the facts is not necessary. Leonhart was discharged from his employment with Erie Strayer Company on August 27, 1974. Leonhart had sustained an injury while at work on June 13, 1974, and, from July 1, 1974, until the date of discharge, he had only worked one half shift (four hours) on July 8, 1974. He left work on this day because of discomfort caused by a cast on his wrist. On August 8, 1974, Erie Strayer sent Leonhart a letter informing him that light work suitable for a man in his condition was available and instructing him to report for work on or before August 14, 1974. When Leonhart failed to respond in any way to this letter, he was discharged. Leonhart was a former union steward, and the Board found that the collective bargaining agreement between Leonhart's union and Erie Strayer required that an employe notify the employer of the reason for any unauthorized absence when such an absence exceeds three days.

The referee awarded benefits after concluding that Leonhart was not guilty of willful misconduct under Section 402 (e) of the Pennsylvania Unemployment Compensation Law, Act of December 6, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (e). The Board, without taking additional evidence, adopted the referee's findings of fact but added two new findings which tended toward a conclusion that Leonhart was guilty of willful misconduct. All of the Board's findings

are supported by the record, and the Board reached the conclusion that the referee had erred in awarding benefits.

We may quickly dispose of Leonhart's contention that, unless the Board takes new evidence, it may not alter the referee's findings in a manner inconsistent with the referee's decision to award benefits. Under Section 504 of the Act, 43 P.S. §824, the Board has the express power to modify, affirm, or reverse the determination of a referee on the basis of the evidence previously submitted. This provision has always been considered as establishing the principle that in unemployment compensation cases the referee is merely an agent of the Board and the Board is the ultimate fact-finding authority. We recently dealt with a similar challenge to the application of Section 504 in *Unemployment Compensation Board of Review v. Wright,* 21 Pa. Commonwealth Ct. 637, 347 A.2d 328 (1975), and we consider Judge BLATT'S discussion in *Wright* as an adequate response to Leonhart's argument.

Leonhart also questions whether the facts as found support a conclusion of willful misconduct. It has very clearly been held that failure to report an absence caused by illness in the manner prescribed by established company policy is willful misconduct. *Unemployment Compensation Board of Review v. Kells,* 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975) ; *Ferko v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 597, 309 A.2d 72 (1973). As Leonhart accurately states in his brief, the question of whether he actually received the employer's letter of August 8, 1974 (to which he surely had a duty to respond) is a matter of credibility.[1] We must review the determination of the

---

1. This letter was sent by certified mail, but the receipt was signed by Leonhart's son. At the hearing Leonhart claimed that he never actually received the letter. The record indicates that the parties have disagreed on many factual issues, as evidenced by the extensive factual findings of both the referee and the Board.

Board in the light of any supportive inferences which might be raised from the facts as found, and having done so, we cannot find error in the Board's overall conclusion that Leonhart's failure to report for work or call his employer constituted willful misconduct.

Accordingly, we

ORDER

AND NOW, this 31st day of March, 1976, the order of the Unemployment Compensation Board of Review in the above-captioned matter, dated June 4, 1975, is affirmed.