514

Alexander Nedd, Jr., Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued April 9, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Karl E. Friend,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 17, 1976:

In this unemployment compensation case, Alexander Nedd, Jr. appeals from an order of the Unemployment Compensation Board of Review affirming a referee's denial of benefits to him for voluntarily leaving work without cause of a necessitous and compelling nature pursuant to Section 402(b) (1) of the Unemployment Compensation Law.[1]

Nedd was employed as a wireman by Scan-Data Corporation from February, 1974 until July 15, 1974, when he voluntarily quit. On July 16, 1974, the claimant began attendance as a student at a computer programmer school to which he had been referred by the Pennsylvania Bureau of Vocational Rehabilitation. He says that he left his employment because he was physically handicapped by shortness of a leg which caused pain in his hip and because by going to school he might find a different kind of position. The referee based his decision denying benefits on a finding that claimant voluntarily left work to go to school. The Board affirmed.

Nedd asserts that the referee and Board erred in not concluding that his physical handicap provided necessitous and compelling cause for his quitting his job. We disagree and therefore affirm.

Persons who voluntarily leave employment are not eligible for unemployment compensation benefits unless they prove that they left for causes of necessitous and compelling nature. *Dalesandro v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 482, 333 A.2d 479 (1975). Assertions that the former employment adversely affected the claimant's health, unsupported by medical evidence, are insufficient to carry the claimant's burden to prove cause of necessitous and compelling nature. *Taylor v. Unemployment Compensation*

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (1).

*Board of Review,* 19 Pa. Commonwealth Ct. 391, 338 A.2d 702 (1975). No medical evidence was here produced. Further, employees feeling unable to perform the duties of their job assignment are required to make a reasonable effort to preserve their employment by requesting work compatible with their condition. *Unemployment Compensation Board of Review v. Kapsch,* 18 Pa. Commonwealth Ct. 456, 336 A.2d 652 (1975). Nedd acknowledges that he made no request for other suitable work. We disagree with his assertion that he was relieved of this duty because he had the impression that his job was soon to be eliminated by his employer.

Therefore, we enter the following

### ORDER

AND NOW, this 17th day of May, 1976, the Order of the Unemployment Compensation Board of Review denying the claim of Alexander Nedd, Jr. is hereby affirmed and this appeal is dismissed.