John J. Mentz, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Argued February 3, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*David L. Hill,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, March 16, 1977:

This is an appeal by John J. Mentz (appellant) from an order of the Unemployment Compensation Board of Review (Board), dated March 18, 1976, which

reversed a referee's decision and denied benefits pursuant to Section 402(e) of the Unemployment Compensation Law[1] (Act) on the ground that appellant had been discharged for wilful misconduct.

Appellant was employed by the Heintz Division of Kelsey Hayes, Philadelphia, Pennsylvania, for thirteen years as a metal finisher. He had a poor attendance record and had been warned about excessive absenteeism and failure to properly report off during periods of absence. Due to chest pains from a heart condition, appellant was absent from work from March 10 to March 12 of 1975. Upon reporting to work on March 13, 1975, appellant was discharged. The referee found that appellant had given proper notice of his absence. On appeal by the employer, the Board substituted its own finding that the appellant had not given proper notice of his absences on March 10 and 11, and, based on that finding, reversed the referee's award of benefits.

Appellant first challenges the timeliness of the employer's appeal to the Board. The referee's decision was issued on June 5, 1975. The employer's appeal was filed with the Board on June 16, 1975. Section 502 of the Act, 43 P.S. §822, requires that an appeal to the Board from the decision of a referee be filed within ten days of the date the decision is issued.[2] Thus it would *appear* that the appeal to the Board in this case was one day late. However, we may take judicial notice of the day upon which a date falls, and June 15, 1975, the tenth and last day of the appeal period, fell on a Sunday. The Statutory Construction Act of 1972 provides:

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] Although not applicable here, Section 502 has been amended to allow for a fifteen-day appeal period, effective as of April 14, 1976. Act of April 14, 1976, P.L. 113.

> When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.[3]

Because the last day of the ten-day appeal period fell on a Sunday, the final date for taking appeal was automatically extended to Monday, June 16th. *Erie Redevelopment Authority v. Pulakos,* 439 Pa. 157, 267 A.2d 873 (1970), *cert. denied,* 400 U.S. 991 (1971). Thus, the employer's appeal was timely filed.

Appellant's argument on the merits is predicated upon the assumption that appellant's absence was due to illness which was properly reported on March 10 and 12, although not on March 11. The Board, however, found that appellant did not properly report off work on either the 10th or 11th of March. As the ultimate fact-finding body, the Board is empowered to assess credibility and the weight of the evidence and substitute its own findings for those of the referee. *Unemployment Compensation Board of Review v. Leonhart,* 24 Pa. Commonwealth Ct. 196, 353 A.2d 925 (1976); *Unemployment Compensation Board of Review v. Wright,* 21 Pa. Commonwealth Ct. 637, 347 A. 2d 328 (1975); *Unemployment Compensation Board of Review v. Kennedy,* 18 Pa. Commonwealth Ct. 248, 334 A.2d 849 (1975). Our review of the Board's decision is confined to questions of law and, absent

---

[3] 1 Pa. C.S. §1908.

fraud, a determination as to whether the Board's findings are supported by substantial evidence. *Yasgur v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 33, 328 A.2d 908 (1971). The existence of the company policy requiring employes to notify the employer prior to the start of their assigned shift of each day's absence is not disputed. Appellant freely admitted to his awareness of that policy. Our review of the record discloses more than sufficient competent evidence, including statements by the appellant in the "Summary of Interview" submitted by him to the Bureau of Employment Security, to support the Board's finding that appellant failed to give proper notice of his absences on March 10 and 11.

It has clearly been held that failure to report an absence caused by illness in the manner prescribed by established company policy is wilful misconduct. *Leonhart, supra; Unemployment Compensation Board of Review v. Kells,* 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975); *Ferko v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 597, 309 A.2d 72 (1973).[4] This conclusion is buttressed by the existence of numerous prior warnings, even though such are not necessary to establish wilful misconduct.

---

[4] Appellant seeks to avoid this rule by relying on *Flynn Unemployment Compensation Case,* 174 Pa. Superior Ct. 71, 98 A.2d 490 (1953), also referred to as the *Crib Diaper* case. That case is distinguishable from the present case in that the claimant in *Flynn* properly reported off on the first day of absence and only failed to do so on the second day. Moreover, that claimant had a generally good attendance record and had received no prior warnings. Aside from these factors, *Flynn* has been explained in an opinion by this Court in *Cleaver v. Unemployment Compensation Board of Review,* 5 Pa. Commonwealth Ct. 255, 290 A.2d 279 (1972) as standing merely for the proposition that a reviewing court is bound by the findings of the Unemployment Compensation Board of Review where there is substantial evidence to support such findings.

*Hinkle v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 512, 308 A.2d 173 (1973). In summary, we conclude that the Board's findings are supported by substantial evidence, and we find no error of law in its conclusion that appellant had been discharged for wilful misconduct.

ORDER

AND Now, this 16th day of March, 1977, the order of the Unemployment Compensation Board of Review in the above-captioned matter, dated March 18, 1976, is affirmed.