David E. Baird, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Argued April 4, 1977, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Leonard Rubin,* for appellant.

*George O. Phillips,* Assistant Attorney General, with him *Sandra S. Christianson,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 6, 1977:

David E. Baird filed an application for unemployment compensation benefits which was denied by the Bureau of Employment Security pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law),[1] which renders persons who voluntarily quit their jobs ineligible for benefits. A referee affirmed the Bureau after a hearing at which Baird alone appeared and was the sole witness. Baird appealed the referee's decision to the Unemployment Compensation Board of Review (Board) which, without taking additional testimony, reversed the referee and awarded benefits.

The employer then requested reconsideration of the Board's decision. The Board thereupon vacated its order and ordered a further hearing. Both Baird and a representative of his employer, Fogel Refrigeration Company, appeared.

At both hearings Baird testified that he quit his job as a refrigerator mechanic for two reasons: first,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

because his foreman constantly used offensive profanity; and second, because he was assigned additional duties without increased pay. At the first hearing Baird said that the chief shop steward told him "Dave, I don't know how anybody can stand his foul mouth," and that Bessie Bowden, an employe for over 20 years, told him that she was tempted to quit her employment because of the foreman's language. At the second hearing the employer's witness denied that the steward used foul or abusive language and offered into evidence without objection writings by the steward and Ms. Bowden contradicting Baird's testimony.

Baird said he was told to perform more work but that his suggestion that his salary be increased was refused. The employer's representative testified that the duties of which Baird complained were included in the job description of position,[2] that they were reasonable and that Baird's union had not supported his complaint about the work.

After the second hearing, the Board made the following somewhat meager findings of fact and conclusion of law:

Findings of Fact:

1. The claimant was last employed by Fogel Refrigerator Company, Philadelphia, Pennsylvania, as a refrigerator mechanic for six years at $130.40 per week, and his last day of work was October 9, 1974.

_____

[2] The additional work given to appellant was the soldering of section lines on freezer cases. Appellant was hired as a Refrigerator Mechanic—Second Class, who, by the terms of the union contract:

Must know how to operate charger. One who is able to connect tubing to refrigerator unit; must know how to check for leaks; must know how to wire controls and time clocks; read prints under supervision of foreman; *be able to solder*. Must know how to set controls and also rework refrigerator. (Emphasis added.)

2. On October 9, 1974 claimant requested an increase in pay.

3. On October 19, 1974 when his request was refused claimant voluntarily terminated his employment.

*Conclusion of Law*: The claimant must be disqualified from receiving unemployment compensation benefits under the provisions of Section 402(b)(1) of the Law. (Emphasis in original.)

One who voluntarily terminates his employment has the burden of proving that his quitting was for cause of a necessitous and compelling nature in order to qualify for benefits under the Unemployment Compensation Law. *Pfafman v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 197, 300 A.2d 295 (1973). In an appeal from a decision of the Board which is against the party with the burden of proof, this Court's scope of review is to determine whether the Board's findings are consistent with each other and with the conclusions and order of the Board and whether they can be sustained without capricious disregard of competent evidence. *Zysk v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 409, 316 A.2d 663 (1974). *See also Taylor v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 391, 338 A.2d 702 (1975); *Crumbling v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 546, 322 A.2d 746 (1974). Furthermore, "[t]he party prevailing below is entitled to all favorable inferences reasonably deductible from the evidence. Questions of credibility and weight to be given the evidence, of course, remain the exclusive province of the Board, and this Court will not disturb these determinations on appeal." *Taylor, supra,* at 395, 338 A.2d at 704.

Baird says that the Board capriciously disregarded competent evidence in finding and concluding as it did. We disagree. On the issues of reasonableness of the assignment of additional duties without greater pay and the alleged profanity of the foreman, the Board simply believed the employer's evidence in preference to Baird's. This was the Board's prerogative.

Baird says that all of the employer's evidence was uncorroborated hearsay which, although not objected to, will not support the Board's findings and conclusion. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). Again we disagree. Hearsay evidence is an out-of-court statement offered for the purpose of proving the truth of the matter asserted therein. *Carney v. Pennsylvania Railroad Co.,* 428 Pa. 489, 240 A.2d 71 (1968); *See also* 6 *Wigmore,* Evidence §1746 (3d ed. 1940). The employer's representative's testimony concerning the additional duties given to Baird was based on his own knowledge of these matters, not what he heard from others and was not hearsay. His testimony concerning his personal observation of the foreman's speech habits is likewise not hearsay. The signed statements of the chief steward and Bessie Bowden, though hearsay, were not objected to, were corroborated by other testimony, and therefore provided support for the Board's findings. *Walker, supra.*

Baird next says that the Board's finding that appellant's voluntary departure from work was due to his dissatisfaction with pay is inadequate because the Board failed to make findings with respect to the reasons he gave for his quitting. The Board's finding that Baird's admitted voluntary quit was because his employer refused him a requested increase in pay as the employer's evidence tended to show, necessarily

excludes a finding that he quit for reasons he assigned. "[F]indings need not always address themselves to *all* of the allegations and defenses raised by a claimant. . . ." *Unemployment Compensation Board of Review v. Walton*, 21 Pa. Commonwealth Ct. 47, 50, 343 A.2d 70, 72 (1975). (Emphasis supplied.)

Appellant finally says that the Board committed reversible error in vacating its first decision in his favor and granting the employer's request for reconsideration. The Board's rules at 34 Pa. Code §101.111 provide:

> (a) Within ten days after the issuance of the decision of the Board, as may be determined by the provisions of §101.102 of this Title (relating to form and filing of application for further appeal from decision of referee), any aggrieved party may request the Board to reconsider its decision and if allowed, to grant further the opportunity to do the following:
>
> (1) Offer additional evidence at another hearing.
>
> (2) Submit written or oral argument.
>
> (3) Request the Board to reconsider the previously established record of evidence.
>
> (b) Such requests will be granted only for good cause in the interest of justice without prejudice to any party. The parties shall be notified of the ruling of the Board on each such request. The request for reconsideration and the ruling of the Board shall be made a part of the record and subject to review in connection with any further appeal to the Commonwealth Court.

The employer's request for reconsideration was made in a timely fashion and stated that the employer did not receive notice of the referee's hearing until the day after it was conducted. The Board apparently

concluded that this was good cause for vacating its first decision and ordering the additional hearing. This was not an abuse of its discretion.

Accordingly, we enter the following

ORDER

AND Now, this 6th day of May, 1977, it is ordered that the decision of the Unemployment Compensation Board of Review be and it is affirmed and that the appeal of David E. Baird be and it is hereby dismissed.