John L. Miller, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

388

Argued September 16, 1977, before President Judge
Bowman and Judges Mencer and Blatt, sitting as a
panel of three.

Peter D. Solymos, with him Markowitz, Kagen &
Griffith, for petitioner.

Thomas Devilbiss, Assistant Attorney General, with
him Sydney Reuben, Assistant Attorney General, and
Robert P. Kane, Attorney General, for respondent.

Opinion by Judge Mencer, November 15, 1977:

John L. Miller (claimant) appeals from a decision
of the Unemployment Compensation Board of Review
(Board) that he voluntarily left work without a cause
of a necessitous and compelling nature and was there-
fore ineligible for benefits under Section 402(b)(1)
of the Unemployment Compensation Law (Act), Act
of December 5, 1936, Second Ex. Sess., P.L. (1937)
2897, as amended, 43 P.S. §802(b)(1). We affirm.

Claimant, aged 65, was employed as an upholsterer until July 1975, when his doctor advised him to retire because of a severe osteoarthritic condition of the hip. The doctor also indicated, however, that the claimant was capable of performing lighter work on a full-time basis. Pursuant to the medical advice, claimant retired on July 31, 1975 and applied for unemployment compensation. Benefits were originally granted by the Bureau of Employment Security but subsequently denied by a referee and by the Board.

The Board, which is the ultimate fact-finder in unemployment compensation cases, *Unemployment Compensation Board of Review v. Leonhart*, 24 Pa. Commonwealth Ct. 196, 353 A.2d 925 (1976), made a finding of fact which, if allowed to stand, is dispositive of this appeal: "4. Before retiring the claimant did not request other work which would involve lighter duties than his customary occupation." This finding brings this case squarely within *Tollari v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973), in which this Court held that, although physical problems may justify leaving work, a claimant will not be eligible for unemployment compensation benefits unless he has sought lighter work prior to his leaving. If such work is not requested, a claimant's leaving is, in effect, voluntary and not for necessitous and compelling reasons as contemplated by the Act.

The claimant had the burden of proving that he left work for necessitous and compelling reasons, *Tollari v. Unemployment Compensation Board of Review, supra*, and the Board's finding that claimant did not request lighter work is conclusive if it can be sustained without a capricious disregard of competent evidence. *See Barrett v. Otis Elevator Co.*, 431 Pa. 446, 450-51, 246 A.2d 668, 670-71 (1968); *Unemployment Compensation Board of Review v. Cooper*, 25 Pa. Commonwealth Ct. 256, 259, 360 A.2d 293, 294 (1976). A ca-

pricious disregard of competent evidence is a deliberate disregard of competent testimony which one of ordinary intelligence could not possibly have avoided in reaching the result. *Unemployment Compensation Board of Review v. Cooper, supra.*

Here, the only evidence the Board may be said to have disregarded is the claimant's own inconsistent testimony that he had not asked for lighter work, that he had asked and had been informed that none was available, and, finally, that he did not remember whether he had asked or not. Thus, part of the claimant's own testimony supports the Board's findings, and the Board's implicit rejection of other portions of his testimony cannot be deemed unreasonable or capricious, particularly in view of unequivocal testimony by the employer's representative that lighter work was never requested.

Accordingly, we enter the following

ORDER

AND Now, this 15th day of November, 1977, the order of the Unemployment Compensation Board of Review, dated August 10, 1976, reinstating its order of March 9, 1976, denying unemployment compensation benefits to John L. Miller, is hereby affirmed.