Roseen Nahas, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 9, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Retos, Symons and Clarke,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, August 29, 1978:

Roseen Nahas (claimant) was last employed as a sewing machine operator by Charland Sportswear on a piece-rate basis, and her last day of work was April 19, 1976. Thereafter, she was on a leave of absence until August 2, 1976 because she broke her ankle in an accident at her home. On September 7, 1976, claimant was recalled to work, but because of swelling in her ankle she terminated her employment with Charland Sportswear and subsequently filed for unemployment compensation benefits.

The Bureau of Employment Security (Bureau) issued a determination denying benefits, in accord with

Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), which provides that a claimant shall be ineligible for compensation for any week in which claimant's unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. On appeal, the referee issued a decision reversing the Bureau's determination, and a further appeal to the Unemployment Compensation Board of Review (Board) resulted in a decision reversing the referee's ruling. This appeal followed.

Equally applicable here is what we stated in *Grimes Poultry Processing Corp. v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 542, 544-45, 377 A.2d 209, 211 (1977):

> Initially, we note that physical disability may constitute a necessitous and compelling reason for leaving one's employment and would not render a claimant ineligible for unemployment compensation. Kernisky v. Unemployment Compensation Board of Review, 10 Pa. Commonwealth Ct. 199, 309 A.2d 181 (1973); *accord,* Shearer v. Unemployment Compensation Board of Review, 26 Pa. Commonwealth Ct. 444, 364 A.2d 516 (1976). Of course, it is the claimant's burden to demonstrate that the disability does constitute such a reason. *See* Shearer, *supra;* Tollari v. Unemployment Compensation Board of Review, 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973).

> To establish physical disability as a cause of a necessitous and compelling nature, a claimant must demonstrate that he is suffering from a physical infirmity that would justify leaving his employment. Shearer, *supra; see* Taylor v.

Unemployment Compensation Board of Review, 19 Pa. Commonwealth Ct. 391, 338 A.2d 702 (1975). Such demonstration must include medical evidence. Kubiak v. Unemployment Compensation Board of Review, 29 Pa. Commonwealth Ct. 421, 371 A.2d 257 (1977); Nedd v. Unemployment Compensation Board of Review, 24 Pa. Commonwealth Ct. 514, 357 A.2d 268 (1976); Unemployment Compensation Board of Review v. Perry, 22 Pa. Commonwealth Ct. 429, 349 A.2d 531 (1975), *allocatur denied* (1976); Taylor, *supra*. This evidence must indicate more than that the claimant is disabled, *see* Eckenrod v. Unemployment Compensation Board of Review, 15 Pa. Commonwealth Ct. 166, 325 A.2d 320 (1974), or that the claimant is suffering from some specified ailment. *See* Tollari, *supra*. The medical evidence must indicate that the job the claimaint left was injurious to his health, Taylor, *supra;* Tollari, *supra,* and that he was advised to leave his job by his physician. *See* Perry, *supra;* Eckenrod, *supra;* Elshinnawy v. Unemployment Compensation Board of Review, 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974).

In addition, employees with physical infirmities are required to make a reasonable effort to preserve their employment by requesting work compatible with their condition. Shearer, *supra;* Nedd, *supra;* Tollari, *supra.*

The decision of the Board denying benefits to the claimant must be affirmed. The claimant gave inconsistent answers to the question as to whether or not she had requested other work prior to terminating her employment for health reasons. Therefore, the Board cannot be said to have capriciously disregarded

her testimony in finding that she did not make such a request. *See Miller v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 387, 379 A.2d 663 (1977). The claimant's contention that the Board had no power to alter the referee's findings of fact is without merit. *See, e.g., Unemployment Compensation Board of Review v. Leonhart*, 24 Pa. Commonwealth Ct. 196, 353 A.2d 925 (1976).

ORDER

AND Now, this 29th day of August, 1978, the order of the Unemployment Compensation Board of Review, dated February 2, 1977, denying unemployment compensation benefits to Roseen Nahas, is hereby affirmed.