George Logan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued August 24, 1981, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Joseph M. Nicholson,* with him *Barry M. Willoughby, Young, Conaway, Stargatt & Taylor,* for petitioner.

*Steven J. Weary,* with him *Richard C. Lengler,* Law Student Intern, *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

PER CURIAM, September 16, 1981:

George Logan (Claimant) was last employed by Sun Shipbuilding and Dry Dock Company (Employer). His last day of work was February 21, 1980. He was absent from work due to illness from February 22, 1980 until March 7, 1980, a period of 15 consecutive days. He failed to notify the Employer of the reason for his absence but did present two medical certificates to the Employer when he returned to work on March 7. Employer refused to accept the medical certificates and discharged Claimant for failure to notify the Personnel Office of the reason for his absence within one week of the last day worked in accord with company policy as expressed in a labor-management agreement. Claimant had been warned about absenteeism in 1979.

Claimant's application for unemployment compensation benefits was denied by the referee and the Unemployment Compensation Board of Review (Board) pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] This appeal followed.

Employer does not contest that Claimant's absence from work was due to illness. Claimant admits he did not notify Employer of the reason for his absence. The Board found from competent evidence[2] that Claimant was aware of or should have been aware of the Employer's policy regarding absences from work. Claimant contends that the instructions on the medical form that he was required to bring with him when he returned to work somehow conflict with the Employer's policy as stated in the labor-management agreement. We disagree. There is nothing inconsistent in the 2 provisions; one requires notice to the employer and the other verifies the reason for the absence.

Our law is clear. Failure to report an absence caused by illness in the manner prescribed by Employer's policy constitutes willful misconduct. *Unemployment Board of Review v. Leonhart, Jr.*, 24 Pa. Commonwealth Ct. 196, 353 A.2d 925 (1976).

Order affirmed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Section 402(e) reads in pertinent part as follows:

An Employee shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

43 P.S. §802(e).

[2] The record shows that Claimant admitted receiving a copy of the labor-management agreement and that Employer's representative testified that Claimant was informed of the Employer's rules regarding absences at his orientation and at the time of starting his employment.

## Per Curiam Order

And Now, this 16th day of September, 1981 Decision No. B-187624 of the Unemployment Compensation Board of Review dated September 10, 1980, denying unemployment compensation benefits to George Logan is hereby affirmed.