Fennessy Unemployment Compensation Case.

Argued October 1, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*John E. Lavelle,* with him *Curran & Lavelle,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

Opinion Per Curiam, November 12, 1957:

The claimant, 52 years of age, had worked for Lansdale Porcelain Enamel Corporation for about eight months. On October 19, 1955, he reported off from work and returned to his home in Locust Dale for the purpose of a physical check-up by his family doctor. After the examination he remained under the care of his personal physician until October 30, 1956. Claimant's work as a shearing machine operator, consisted in lifting heavy pieces of metal and placing them upon the machine to be cut into smaller size. When cut, it then was a part of claimant's job to put the metal pieces on skids to be carried to another department. The doctor found evidence of "cardiac stress" and ordered claimant to discontinue his job as a shearing machine operator and to seek lighter work.

The above undisputed facts are reflected in the first four findings of the board. On other testimony, as to which there also is no dispute, the board found: "5. Claimant notified the employer through another individual that he was unable to return to his job and was accordingly terminating the employment relationship"; and "6. Claimant did not request an assignment to lighter work prior to separation from his employment." On these findings, since "Claimant failed to return to the employer company to discuss his inability to do his regular work, and likewise did not request lighter work prior to his separation" the board concluded ". . . that claimant did not exercise the diligence required to maintain the employment relationship prior to effecting his termination. Accordingly we must rule that his leaving was voluntary and without cause of a necessitous and compelling nature, and, as such, he is disqualified under the provisions of Section 402(b) of the law" as last amended by the Act of August 24, 1953, P. L. 1397, 43 PS §802(b).

Under the circumstances of this case claimant could not validly assume that his employment status would continue indefinitely without keeping his employer informed as to his availability during a protracted period of absence from work. A claimant who neglects to take such precautions to maintain his employe status, as a reasonably prudent person would take, in effect leaves his employment voluntarily. *Vernon Unempl. Compensation Case,* 164 Pa. Superior Ct. 131, 63 A. 2d 383; *O'Donnell Unemployment Comp. Case,* 173 Pa. Superior Ct. 263, 98 A. 2d 406; *Zielinski Unempl. Compensation Case,* 174 Pa. Superior Ct. 244, 101 A. 2d 419.

The burden was upon this claimant to keep alive his employe relationship with this employer after the expiration of a reasonable time for the physical check-up. He was bound to know that his job would not be kept open for him indefinitely if he stayed away. *Antinopoulas Unempl. Case,* 181 Pa. Superior Ct. 515, 124 A. 2d 513. When claimant therefore was advised by his physician that he still could do light work although unable to return to his former job it was his duty to apply to his employer for the kind of work that he could do; and he was not justified in assuming that light work in fact was not available. When he failed to notify his employer that he was available for light work he in effect left his employment voluntarily and is not entitled to benefits. *Vernon Unemployment Compensation Case,* supra.

Decision affirmed.