## Zelek Unemployment Compensation Case.

Argued November 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Andrew J. Gleason,* with him *Joseph F. O'Kicki,* and *Gleason & Krumenacker,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., December 14, 1960:

This is an appeal in an unemployment compensation case where the only question is whether the claimant, who is 68 years old, voluntarily retired and made a request for pension benefits or whether he was required to go on pension by his employer. The bureau and the referee determined that the claimant was eligible for benefits. The board reversed the decision of the referee and denied benefits to the appellant under the provisions of §402(b) on the ground that he voluntarily terminated his employment, without cause of a necessitous and compelling nature, for the purpose of going on pension. The board also found that the claimant did not request lighter work.

The facts as found by the board, after considering all of the evidence and the reasonable inferences to be drawn therefrom, if supported by competent testimony, are binding upon us: *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 118, 144 A. 2d 452.

We have carefully reviewed the record and are convinced that there was sufficient competent evidence to support the board's findings. There was a conflict between the testimony of the appellant and that of his employer. Appellant maintained that he was forced to go on pension and that he asked for lighter work. The testimony offered in behalf of the employer on this subject is as follows: "Q. All right, Mr. Eckstein? A. Mr. Mike P. Zelek last worked for Bethlehem Steel Company April 5, 1959. On Social Insurance Benefits from April 5, 1959 until October 9, 1959, when he voluntarily applied for and was placed on company pension effective December 1, 1959. In the Referee's hearing Mr. Zelek made the statement that he was made

to go on pension by the Social Insurance Department. I have here a Release issued by the medical department dated October 9, 1959 which cleared Mr. Zelek for work on October 12, 1959. I would like to offer that as an exhibit for the Board. Q. All right. This document is accepted into this record and marked company's Exhibit 1. All right, Mr. Eckstein, go ahead. A. Mr. Zelek made the statement that he had asked Mr. Medick for lighter work. Our records indicate there was no request made for lighter work. Mr. Medick is here as a witness. By Employer Representative, Mr. Eckstein, to Mr. William Medick: Q. Is that correct, Mr. Medick? A. That is correct—no request made. Q. Never any request made for lighter work? A. No. By Employer Representative, Mr. Eckstein, to Mr. W. B. Gettys: Q. Mr. Gettys is here as a witness from the Social Insurance Office. Did you ever at any time, Mr. Gettys, tell any employee that they have to go on pension? A. No, I have no authority. I never tell anybody that."

We have repeatedly held that an employee who voluntarily retires is disqualified from receiving unemployment compensation benefits under the provisions of §402(b) of the Unemployment Compensation Law, 43 PS §802(b).

Decision affirmed.