# Franco Unemployment Compensation Case.

Argued April 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Leonard M. Mendelson,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., June 15, 1961:

The claimant in this unemployment compensation case was denied benefits by the bureau, the referee and the board because he failed to report at the employment office during the weeks for which he is now seeking compensation.

One of the prerequisites in qualifying for benefits is the requirement of §401(b) of the Unemployment Compensation Law of December 5, 1936, as amended, 43 P.S. §801, that the claimant "Has registered for work at, and thereafter continued to report at, an employment office in accordance with such regulations as the secretary may prescribe . . ."

The primary purpose of this requirement is not to facilitate the distribution of compensation, but to enable the unemployed to promptly secure employment if a satisfactory job is available. By the Rules and Regulations promulgated under §201(a) of the Unemployment Compensation Law, 43 P.S. §761(a), the claimant is required to report to the local office weekly, unless excused for certain reasons.

In this case, the claimant's last day of work was December 19, 1959. He filed his petition for unemployment compensation on January 8, 1960. On February 26, 1960, the bureau held that the claimant did not qualify for benefits because he did not earn eight times his weekly benefit rate after he had voluntarily quit a former employment. See §401(f) of the Unemployment Compensation Law, 43 P.S. §801(f).

On March 11, the claimant appealed the bureau's determination, and the referee, by an order of April 12, 1960, reversed the bureau and granted the claimant compensation. The claimant did not report to the local unemployment compensation office between February 23, and May 20. On the latter date, he sought to recover benefits for the weeks ending February 25,

March 3, 10, 17, 24, 31 and April 7. These are the weeks in question here.

The rules of the secretary promulgated as provided in §401(b), supra, do not excuse a claimant from reporting weekly because an appeal is pending from a decision which was adverse to him. The board found in this case that claimant's failure to report was not the result of any misleading information from the unemployment compensation authorities. The claimant contends, however, that the notice of the holding by the bureau that he was ineligible for compensation was itself sufficient to mislead him and to excuse him from reporting.

When a claimant appeals from an adverse decision, he must continue to report to the local unemployment compensation office, in accordance with the requirement of §401(b), supra, and the rules and regulations, in order to qualify for benefits for the weeks following the adverse decision.

The record shows that the claimant's only reason for not reporting during the weeks in question was that he had received a notice from the bureau that he was ineligible for compensation. This did not excuse him from reporting, and the board properly held that he failed to qualify for benefits during the weeks in question because of his failure to report.

Decision affirmed.