Whalen Unemployment Compensation Case.

Argued April 16, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Daniel Whalen,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., June 12, 1963:

Daniel Whalen was last employed as a pipe fitter by Sauers, Inc., Pittsburgh, Pennsylvania. His final day of work was September 21, 1961, on which date he had a valid separation. His application for benefits was disallowed by the Board of Review on the ground that he had failed to report regularly at the local employment office as required by Section 401(b) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 801(b). This appeal followed.

The record discloses that claimant filed an application for unemployment compensation benefits on September 22, 1961, which was the day following his separation. On October 9, 1961, the Bureau issued a determination that claimant was ineligible to receive benefits because he was not available for suitable work under the provisions of Section 401(d) of the statute. On October 19, 1961, claimant appealed from this determination. On December 1, 1961, the Referee issued a decision reversing the Bureau, and holding that claimant was eligible to receive benefits. This decision was not appealed from and became final on December 11, 1961. Claimant did not report at the local employment office from October 4, 1961, until December 6, 1961. The issue before us is whether claimant is entitled to benefits for the intervening period during which he did not report.

Section 401(b) of the Unemployment Compensation Law provides in pertinent part as follows: "Compensation shall be payable to any employe who is or becomes unemployed, and who . . . (b) Has registered for work at, and thereafter continued to report at, an employment office in accordance with such regulations as the secretary may prescribe . . ." The regulation promulgated under this section requires a claimant to report to the local office weekly, unless excused for certain

reasons not here pertinent. The fact that an appeal is pending from an adverse decision on the question of eligibility does not excuse a claimant from reporting weekly: *Franco Unemployment Compensation Case,* 195 Pa. Superior Ct. 201, 171 A. 2d 583.

Claimant contends that he was informed by an employe at the local office that he would receive a notice whether to report or not, that the only notice he received was the adverse decision, and that "this was clearly an indication that I should not report". However, he made the following statement at the time of his interview: "When I filed my claim originally, I talked with Miss Robinson . . . She informed me that I would receive notice from the office whether my claim was to be honored or denied. I understood from this that if the claim was denied I should not report back". Miss Robinson (now Mrs. Lester) testified at the remand hearing that claimant was instructed to continue to report to the local office while awaiting the Referee's decision. "He was interested in the outcome of his Referee's decision and I advised him to continue reporting into the office, that the Referee's office would notify him whether he was eligible or ineligible for benefits . . . I would like to emphasize that when I spoke to Mr. Whalen about the Referee's decision I had to advise him that the decision would come from the Referee's office. He would be notified by the Referee's office but to continue to report to our local office."

After reviewing the testimony the Board found as a fact that "claimant was not misled by the Bureau", and concluded that his failure to report "was entirely his own fault". The Board's finding is supported by the record and we are bound by it: *Burke Unemployment Compensation Case,* 199 Pa. Superior Ct. 565, 186 A. 2d 425. "Claimant's mistaken assumption or purported failure to understand is clearly not an ex-

tenuating circumstance": *Doble Unemployment Compensation Case,* 196 Pa. Superior Ct. 367, 175 A. 2d 345.

Decision affirmed.