Greenaway Unemployment Compensation Case.

Argued April 17, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Walter E. Greenaway,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

Opinion by Wright, J., June 12, 1963:

Walter E. Greenaway was last employed as a mail clerk in the United States Post Office, Portage, Pennsylvania. His final day of work was November 24, 1961, on which date he retired to accept a pension under the employer's optional retirement plan. His application for benefits was disallowed by the Board of Review on the ground that he had voluntarily terminated his employment without cause of a necessitous and compelling nature, and was therefore disqualified under the provisions of Section 402(b)(1) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 402(b)(1), 43 P.S. 802(b)(1). This appeal followed.

The employer's pension plan permits an employe to retire at age 55, provided he has 35 years service. Claimant in the case at bar was 59 years of age and had 43 years service. When asked by the Referee why he left work, he replied, "I reached retirement". The Board found that claimant voluntarily terminated his employment because he felt that he was physically unable to perform his duties, that he did not request lighter work, that claimant was actually able to work, that he was not laid off or discharged, and that continuing employment was available. Although claimant contends that the Board's findings of fact "are incorrect", our examination of the record reveals that they are fully supported by the testimony. We are therefore bound by them: *Whalen Unemployment Compensation Case*, 201 Pa. Superior Ct. 77, 191 A. 2d 742. This appeal is ruled, inter alia, by *Craven Unemployment Compensation Case*, 195 Pa. Superior Ct. 136, 169 A. 2d 336, and *Zelek Unemployment Compensation Case*, 194 Pa. Superior Ct. 228, 166 A. 2d 110.

Decision affirmed.