Angelo Tollari and Richard Schilling and Michael Senko, Jr. and John Zolak and Jesse Fillingham and Paul Reynolds, Appellants, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee, and Wheeling-Pittsburgh Steel Corporation, Intervening Appellee.

Argued September 7, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, MENCER, ROGERS and BLATT. Judge WILKINSON, JR., did not participate.

*William R. Caroselli,* with him *McArdle, Henderson, Caroselli, Laffey & Beachler,* for appellants.

*Sydney Reuben,* Assistant Attorney General, for appellee.

*Leonard L. Scheinholtz,* with him *Eugene K. Conners and Reed, Smith, Shaw & McClay,* for intervening appellee.

OPINION BY JUDGE BLATT, October 10, 1973:

All of the claimants herein are retired employees of the Wheeling-Pittsburgh Steel Corporation (employer) and are seeking unemployment compensation benefits. The claims are based on the ground that, although the retirements were voluntary, they were occasioned by causes of a necessitous and compelling nature, and so entitle the claimants to benefits. Even though the claimants retired at various times, the fact situation in each case is virtually identical, and all cases, therefore, will be considered together. Each claimant contends that he retired, not because of any requirement by the employer, but because he was physically unable to continue with his job.

The claimants' applications for unemployment compensation were denied by the Bureau of Employment Security, this denial was in turn affirmed by a referee and by the Unemployment Compensation Board of Review (Board), and appeals from the Board's action have now been filed with this Court. In each case, the Board's denial of benefits was based on the argument that the claimant had voluntarily terminated his employment without cause of a necessitous and compelling nature, and was thus ineligible for compensation benefits under Section 402(b)(1) of the Unemployment Compensation Law, Act of Dec. 5, 1936, Second Ex. Sess., P. L. (1937)2897, as amended, 43 P.S. §802(b) (1).

When, as here, an individual, who has become unemployed by reason of a voluntary termination of his work, applies for unemployment compensation benefits, he assumes the burden of showing that such termination was with cause of a necessitous and compelling nature. *Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 309 A. 2d 181 (1973); *Pfafman v. Unemployment Compensation*

*Board of Review,* 7 Pa. Commonwealth Ct. 197, 300 A. 2d 295 (1973). It has been held, too, that a voluntary retirement generally constitutes a voluntary leaving of work without cause of a necessitous and compelling nature. *Walker Unemployment Compensation Case,* 202 Pa. Superior Ct. 231, 195 A. 2d 858 (1963); *Greenaway Unemployment Compensation Case,* 201 Pa. Superior Ct. 80, 191 A. 2d 710 (1963). It is also true, however, that the "illness of a claimant may constitute a valid personal reason and good cause for leaving his employment within the meaning of Section 402(b) of the Unemployment Compensation Law." *McComb Unemployment Compensation Case,* 179 Pa. Superior Ct. 424, 426, 116 A. 2d 92, 93 (1955).

It seems clear that work which an individual is not capable of performing, because of disease or injury, might not constitute "suitable work" as defined in Section 4(t) of The Unemployment Compensation Act, 43 P.S. §753(t), and so might justify his leaving employment, but he will not be eligible for unemployment compensation benefits unless he has sought lighter work prior to his leaving. *Fischer Unemployment Compensation Case,* 199 Pa. Superior Ct. 628, 186 A. 2d 421 (1962); *Zelek Unemployment Compensation Case,* 194 Pa. Superior Ct. 228, 166 A. 2d 110 (1960). Our Superior Court has said: "When claimant therefore was advised by his physician that he still could do light work although unable to return to his former job it was his duty to apply to his employer for the kind of work that he could do; and he was not justified in assuming that light work in fact was not available. When he failed to notify his employer that he was available for light work he in effect left his employment voluntarily and is not entitled to benefits." *Fennessy Unemployment Compensation Case,* 184 Pa. Superior Ct. 492, 494, 135 A. 2d 814, 815 (1957). Clearly, a request for lighter

work is necessary to help establish that the employee concerned is not totally disabled but is in fact available for work lighter than that which he has been performing. Otherwise he would not be eligible for benefits because he would not be "able to work and available for suitable work. . . ." as required by Section 401 (d) of the Unemployment Compensation Law, 43 P.S. §801(d).

It is undisputed here that all of the claimants retired voluntarily, and it is alleged that they did so because they were physically incapable of continuing in their jobs, although they were capable of performing lighter work. It was necessary for them to prove, therefore, that physical reasons made their retirement necessary and that they had previously advised their employer of their availability for other, lighter work. And, in reviewing the record, we must affirm the findings and decisions of the referee or the Board, as the case may be, when they are supported by substantial evidence and absent an error of law or a showing of fraud. *United States Steel Corporation v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 206, 303 A. 2d 852 (1973).

Here the only documented evidence presented by each claimant to prove his right to benefits was a written statement from a physician, obtained *after* his leaving employment, stating that the claimant was suffering from some specific ailment but was available for light duty. These statements obviously lack probative force, because they nowhere indicate that the claimant concerned was unable to perform the particular job he was doing or that such work would be injurious to his health.[1] *See Marzolf Unemployment Compensation*

---

[1] The statement regarding claimant John Zolak was somewhat different from the statements regarding the other claimants, because it does state therein that Zolak "was advised to retire from

*Case*, 198 Pa. Superior Ct. 203, 181 A. 2d 867 (1962). As to the requirement that the employer be requested to provide lighter work, it is undisputed that the employer was never officially requested to do this by any of the claimants. (In fact, there would appear to be no evidence that most of the claimants even notified the employer prior to their retirement that they had any disability.) The only testimony as to requests for lighter work consisted of statements allegedly made to the foremen of the respective claimants at various times prior to their retirement, sometimes as much as three years earlier. Such would hardly meet the requirement, even if undisputed, but, in these cases the employer disputes as to whether the claimants gave even that much notice. A representative of the employer testified, admittedly to hearsay but without objection, that the foremen said they had never been asked by any of the claimants to provide lighter work. While findings of fact based on hearsay cannot stand,[2] of course, yet in an administrative hearing, hearsay evidence which is otherwise relevant and material and which is admitted without objection may be given its natural probative effect as if it was in law admissible. *Pellegrino v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 486, 303 A. 2d 875 (1973) ; *Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972). It was the duty of the Board here to determine the credibility

his work unless he could obtain lighter, more suitable work at his place of employment." Although this statement might therefore be of greater probative value than the others, there is still no proof that Zolak made the necessary request for lighter work from his employer.

[2] *Lipshutz v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 257, 303 A. 2d 231 (1973).

of the witnesses, and we do not believe it was in error to take account of the testimony in question.[3]

The claimants have made much of their allegation that, in any case, it was useless for them to request lighter work because none would have been available. The claimants, however, were "not justified in assuming that light work was not available." *Fennessy, supra,* 184 Pa. Superior Ct. at 494, 135 A. 2d at 815. Regardless of how they thought it would have to be answered, they should have made their request for lighter work before leaving their employment; otherwise, since there is here no burden on the employer to show that lighter work was in fact available, it must be answered that they left without cause of a necessitous and compelling nature.

Our review of the record confirms the Board's finding that the claimants did not prove that they had voluntarily retired for a cause of a necessitous and compelling nature. Their retirements were not compulsory, and continuing work was available. We, therefore, issue the following

ORDER

Now, October 10, 1973, the orders of the Unemployment Compensation Board of Review on the claims of Angelo Tollari, Richard Schilling, Michael Senko, Jr., John Zolak, Jesse Fillingham and Paul Reynolds, are hereby affirmed.

---

[3] It might be noted that the unverified written statements of the physicians which were introduced by the claimants might also constitute hearsay evidence. There was no objection to these statements.