## Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee, *v.* Arthur L. Holohan, Appellant.

Argued March 6, 1975, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*John H. McDaniel,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, July 22, 1975:

This is an unemployment compensation case in which the claimant, Arthur L. Holohan, has appealed from the decision of the Unemployment Compensation Board of Review (Board) which denied benefits. The Board found that the claimant had voluntarily terminated his employment without cause of a necessitous and compelling nature. Under Section 402(b)(1) of The Unemployment Compensation Law,[1] 43 P.S. §802(b)(1) which provides as follows:

---

1. See generally the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

"An employee shall be ineligible for compensation for any week—

"(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

The claimant had been employed by the Union National Bank, Pittsburgh, since 1960. On August 25, 1973 he reached 65 years of age and began to discuss retirement under a deferred retirement plan which the bank provided. At that time the claimant was receiving a salary of $805 per month and additional benefits including employer-paid hospitalization insurance and participation in an employer profit-sharing retirement plan to which the employer had been contributing approximately $2,000 per year. Under the employer's retirement program, an employee reaching the age of 65 could elect one of two options: 1) upon agreement with the employer, he could continue working at the same job for the same salary but would not continue to receive either the paid-up hospitalization or additional employer contributions to the profit-sharing plan; or 2) he could retire and receive the accrued retirement benefits under the profit-sharing plan. The employer here offered to continue to employ the claimant at the same job and salary, but the claimant elected to retire instead.

It is well established that voluntary retirement generally constitutes a voluntary leaving of work without cause of a necessitous and compelling nature. *Tollari v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 589, 309 A. 2d 833 (1973); *Walker Unemployment Compensation Case,* 202 Pa. Superior Ct. 231, 195 A. 2d 858 (1963). The claimant here, however, argues that the elimination of the above described fringe benefits as a requirement of continued employment presented a cause for leaving work which was of a necessitous and compelling nature. The referee and the Unemployment Compensation Board of Review rejected this argument and denied benefits. We affirm.

An employee who voluntarily terminates his employment may carry his burden of proving cause by demonstrating conduct comporting with ordinary common sense and prudence. *Zinman v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 649, 305 A. 2d 380 (1973). The record reveals here that, once the claimant's hospitalization insurance program with the employer would terminate, he would be covered by medicare. The discontinuation of this benefit, therefore, would not give a reasonably prudent man sufficient reason for voluntarily leaving work. Nor do we think that the discontinuation of employer contributions to the profit-sharing retirement plan concerned here would present a common sense and prudent reason for leaving work. This plan was not a compensation plan but a retirement plan whereby the employer accumulated a fund for the benefit of the employee upon retirement. By the very terms of the plan the employer would contribute to the plan until the claimant reached the age of 65 and, if the retirement of any participating employee were deferred, "such Participant shall not be entitled to share in contributions made by the bank during such period of deferment." The claimant here had worked with this employer for many years under this plan without apparent objection and, as soon as he reached the age of 65, the funds accumulated under the plan on his behalf became available to him contingent on his retirement. It cannot be said that he has lost the benefits, for the employer had adhered to the specifications of the benefit program as anticipated by both employer and employee. The claimant, in fact, will receive as much from this benefit plan as he could have ever expected. It cannot be said, therefore, that his voluntary retirement for the reasons he states was for cause of a necessitous and compelling nature. Clearly he could have continued working without any real difference in the terms of his employment if he had chosen to do so. We, therefore, issue the following

ORDER

AND NOW, this 22nd day of July, 1975, the order of the Unemployment Compensation Board of Review is hereby affirmed and the appeal by Arthur L. Holohan is dismissed.