## Alexander Leghan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Joseph L. Romano,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 5, 1981:

Alexander Leghan worked as a janitor at Lee Tire Company. The collective bargaining agreement between the employer and the union in effect until August 12, 1979, provided for compulsory retirement as follows: "It is agreed that each employee shall retire not later than the first day of the month next following the month in which he attains age 65." On August 12, 1979, a new collective bargaining agreement went into effect which provided for mandatory retirement at age seventy. Mr. Leghan's sixty-fifth birthday was August 11, 1979, and his final day of work had been previously set for August 31, 1979.[1] The employer advised the petitioner of the new agreement and requested the petitioner to continue work until age seventy. However, Mr. Leghan retired on August 31, 1979.

The Office of Employment Security found the claimant ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1) for voluntarily leaving his employment without cause of a necessitous and compelling nature. The claimant appealed this deter-

_____

[1] September 1, 1979, the date which would presumably be the petitioner's date of retirement under the old collective bargaining agreement, was a Saturday.

mination. At the hearing before the referee, the claimant testified that in retiring he was adhering to the requirements of the union handbook in his possession describing the terms of the old collective bargaining agreement; his position, being of course, that his unemployment after August 31, was involuntary. An employer representative testified that the new agreement had not yet been printed up and distributed but that he had told the petitioner on several occasions that under the new agreement he was not required to retire and that the employer wanted him to stay. The referee denied benefits finding that the petitioner had voluntarily retired. On appeal, the Unemployment Compensation Board of Review (Board) affirmed.

Mr. Leghan claims that his retirement was not voluntary because he was required to retire by the collective bargaining agreement in effect on his sixty-fifth birthday, August 11, 1979. He persists in misconstruing the provision. Under the old agreement the petitioner's date of retirement was not his sixty-fifth birthday but a date not later than the first day of the month following the month in which he turned sixty-five which here had been arranged to be August 31, 1977. The new agreement became effective on August 12, 1979, while the petitioner was still working. His retirement prior to the compulsory retirement date specified in the new agreement was therefore voluntary. *Greenaway v. Unemployment Compensation Board of Review*, 201 Pa. Superior Ct. 80, 191 A.2d 710 (1963).

The petitioner argues that even if he did retire from his employment before he had to, he did so because he believed that he must follow the union handbook rather than the information provided by his employer and that this belief constituted a cause of a necessitous and compelling nature for quitting and claiming retirement benefits. The Supreme Court has

held that an employee's excuse for quitting, in order to constitute a cause of a necessitous and compelling nature, must "bear the test of reason." *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 553, 381 A.2d 132, 135 (1977). The petitioner's belief in the handbook over the repeated contrary assertions of the employer was clearly not reasonable. As the referee concluded, the petitioner retired because he chose to and "voluntary retirement generally constitutes a voluntary leaving of work without cause of a necessitous and compelling nature," making the petitioner ineligible for unemployment benefits. *Unemployment Compensation Board of Review v. Holohan*, 20 Pa. Commonwealth Ct. 381, 383, 341 A.2d 587, 588 (1975) (citations omitted).

Order affirmed.

### ORDER

AND Now, this 5th day of March, 1981, the decision of the Board denying unemployment compensation benefits to Alexander Leghan is affirmed.