Gregory D. Pawelski, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1981, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

212

*George A. Gonzales,* with him *Barbara J. Hart* and *Louis M. Shucker,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Elsa Newman-Silverstine,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmermaan,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, March 31, 1981:

In this unemployment compensation appeal, the claimant[1] questions a decision of the board[2] which denied him compensation on the basis of the voluntary quit provision of the Unemployment Compensation Law.[3]

The employer[4] had employed claimant for approximately two years as a salesman on a commission basis. On December 18, 1978, the claimant resigned his position because he was suffering from a spastic colon and had been advised by his family physician to seek less pressure-filled employment.

A claimant seeking benefits after terminating work on account of his health must not only show by competent evidence that, at the time of termination, adequate health reasons existed to justify the termination, but he must also (1) notify the employer of the health problem, and (2) request a transfer to a more suitable position in light of the health problem. *Baldassano v.*

---

[1] Gregory D. Pawelski.

[2] Unemployment Compensation Board of Review.

[3] Section 402(b)(1), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[4] Olivetti Corporation.

*Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 457, 383 A.2d 988 (1978).

In the present case, the board explicitly found that, before terminating his employment, the claimant did not seek a transfer to a more suitable work situation. However, the claimant contends that finding capriciously disregards competent evidence[5] concerning a March 1978 transfer request which the claimant made to his employer.

The record precludes us from viewing that request as one made for more suitable work in light of a health problem. Claimant's March 1978 transfer request was motivated by his concern over his continuing inability to meet his sales quota. There is no evidence that the claimant had any symptoms of debilitating illness before June 1978, some three months after he requested the transfer. Thus, we cannot hold the March 1978 transfer request to be within the ambit of events pertinent to claimant's termination.

We cannot agree with the claimant's alternate contention that he did not have to request lighter work because he did not believe any was available. In *Tollari v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973), this court denied benefits to claimants who failed to request lighter work because they did not believe any to be available.

Accordingly, we affirm the decision of the board.

---

[5] The law is clear that the claimant must sustain the burden of proving a reasonable attempt to stay on the job. *Colduvell v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 185, 408 A.2d 1207 (1979). Where, as here, the party with the burden fails below, our scope of review is to determine whether there has been a capricious disregard of competent evidence. *Clark v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 571, 411 A.2d 879 (1980).

214

## ORDER

AND Now, this 31st day of March, 1981, the decision of the Unemployment Compensation Board of Review is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge Wilkinson, Jr.