BRADLEY, Judge.
This is an unemployment compensation case.
Gregory Stewart had been employed by Eby Construction Company in Iuka, Mississippi for approximately two weeks as a laborer digging out tracks for bulldozers when, on June 15, 1979, he was injured in an automobile accident while driving home from work. Stewart’s home was located in that area of northwestern Alabama known as the Tri-Cities. Stewart sustained a broken neck, a dislocated arm, and cuts on the back of his head as a result of the accident and was hospitalized for approximately two weeks. At the time he was released from the hospital, Stewart’s neck was in a cast and he was unable to work. On November 15, 1979 Stewart’s doctor released him for light work which would not require lifting objects weighing over ten pounds. After being told that he could seek light work, Stewart made no effort to seek work of any kind from his former employer. He said *63 that he “took for granted that if I went back there I would have to be a [laborer] also.” He also stated in his application for unemployment benefits that he had not reapplied for work with his former employer because of the distance to Iuka, Mississippi, and that he wanted work in the area in which he lived.
Although he sought work in the Tennessee Valley area almost from the time his doctor released him for work, Stewart did not secure employment until March 1980. Shortly after Stewart obtained employment with TV A, Eby Construction Company contacted him and offered him a position. Stewart declined the offer.
The Alabama Industrial Relations Department (Department) paid Stewart unemployment compensation for the period January 12, 1980 to March 8, 1980, but refused to pay for the period November 24, 1979 to January 5, 1980. Stewart appealed the decision refusing to pay for the period above listed to the Circuit Court of Colbert County. After a de novo hearing the circuit court found for the claimant and awarded him $1,364 as compensation benefits. The Department’s motion for new trial was overruled.
The Department appeals to this court and contends here that claimant is disqualified from receiving unemployment compensation benefits pursuant to § 25-4-78(2)a(l), Code of Alabama 1975, and as a consequence that the trial court erred in awarding him benefits.
Section 25-4-78, Code of Alabama 1975, provides in part as follows:
An individual shall be disqualified for total or partial unemployment:

(2) Voluntary departure from work.— If he has left his most recent bona fide work voluntarily without good cause connected with such work.
a.l. However he shall not be disqualified if he was forced to leave work because he was sick or disabled, notified his employer of the fact as soon as it was reasonably practicable so to do, and returned to that employer and offered himself for work as soon as he was again able to work. . . .
We have held that the burden of proving that he is not disqualified from receiving unemployment compensation benefits pursuant to § 25-4-78 is on the claimant. Department of Industrial Relations v. Jaco, Ala.Civ.App., 337 So.2d 374 (1976). In order to sustain this burden, the claimant must prove: (1) that he was compelled to leave his work because he was sick or disabled, (2) that he notified his employer of his sickness or disability as soon as was practicable to do so, and (3) that he returned to his employer and offered himself for work.
In the case at bar the evidence shows that Stewart was injured in an automobile accident and was thus compelled to leave his employment and that he notified Eby of that fact. However, there is no evidence that Stewart returned to Eby after being released for work and offered himself for work under the medical restrictions that had been imposed on him. As a consequence of his failure to seek work from Eby after being released to go back to work, Stewart failed to satisfy the third requirement of § 25-4-78(2)a(1) and is, therefore, disqualified from receiving unemployment compensation benefits. See Fennessy v. Unemployment Compensation Board of Review, 184 Pa.Super. 492, 135 A.2d 814 (1957).
The trial court’s judgment awarding unemployment compensation benefits to Stewart is reversed and the cause is remanded for entry of judgment not inconsistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P. J., and HOLMES, J., concur.