**Ernest J. Genetin, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.**

Argued May 8, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

134

*M. Samuel Rosenzweig,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard Wagner,* Counsel, and *Richard L. Cole,* Chief Counsel, for respondent.

OPINION BY JUDGE MENCER, August 7, 1981:

Ernest J. Genetin (petitioner) has appealed from a decision of the Unemployment Compensation Board of Review (Board) which denied benefits on the basis of Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). We affirm.

The petitioner had been employed as a truck driver by Hempfield Township (employer) for 15 years. At the end of September 1979, the petitioner took a leave of absence due to a medical problem. His doctor permitted him to return to work as of November 21, 1979. Although the doctor initially indicated that the petitioner could return to his employment as a truck driver, a subsequent medical certificate showed that the petitioner had been advised prior to November 21, 1979 to seek work which did not involve driving trucks.

The petitioner was contacted by his supervisor on November 20, 1979 and was asked about his plans to return to work. The petitioner explained that he intended to resign his employment because he was incapable of driving a truck. Nevertheless, the petitioner reported to work on November 21 and was assigned to sweep the floors for the balance of the day. He did

not return the next morning. He asserts that he knew that the sweeping task was a make-work position and that all of the regular positions available involved driving trucks. Since he could not drive a truck, the petitioner argues, the employer had no positions available for him. The petitioner concedes that he did not attempt to discuss with the employer whether suitable nondriving work could be found.

Where a claimant seeks unemployment compensation after terminating his employment for health reasons, he must establish that adequate health reasons existed at the time he quit to justify termination. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977). He must also show that he informed the employer of the health problem, *Elshinnawy v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974), and that he requested the employer to transfer him to a more suitable position within the company. *Tollari v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973).

In *Deiss,* the Court noted that the claimant had not satisfied part three of this test but still reversed the denial of benefits. The Court indicated that the failure to specifically request a transfer was not fatal to the claimant's case because "he testified that all jobs with [the employer] involved assembly line work, so such a request would have been a futile gesture." *Id.* at 554 n. 3, 381 A.2d at 135 n. 3.

The *Deiss* court recognized that a claimant's eligibility should not depend on whether he observes the proper formalities. Instead, eligibility should depend on whether the claimant is unemployed because he was truly incapable of maintaining the employment relationship. *Deiss* did not, however, overrule *Tollari* in which we said:

The claimants . . . were 'not justified in assuming that light work was not available.' [Fennessy Unemployment Compensation Case, 184 Pa. Superior Ct. 492, 494, 135 A.2d 814, 815 (1957).] Regardless of how they thought it would have to be answered, they should have made their request for lighter work before leaving their employment. . . .

*Id.* at 595, 309 A.2d at 837. This rule has been consistently reaffirmed by our court, most recently in *Pawelski v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 211, 427 A.2d 717 (1981). This court has also stated that a claimant must make a reasonable good-faith effort to maintain the employment relationship. *See Unemployment Compensation Board of Review v. Kapsch,* 18 Pa. Commonwealth Ct. 456, 336 A.2d 652 (1975).

In the case before us, the petitioner has satisfied the first two requirements for eligibility. As to the third requirement, the petitioner admits that he did not specifically request a transfer to a more suitable position but argues that such a request would have been futile. To support this contention, the petitioner points to page 13 of the hearing transcript, at which point the employer's representative testified: "[Petitioner] stated that he knew that there wasn't any other job available because we do have older men sweeping and our mechanics do the greasing. And he knew that there wasn't any job available." Again, on page 15 of the transcript, the employer's representative was asked: "Do you have any positions that you would regard as light work?" He replied: "No sir. As noted, Mr. Genetin stated this time of the year, all of our people are fighting snow when it needs to be fought and it's rough work."

On the other hand, the record reveals that the petitioner took no steps whatever to attempt to preserve

the employment relationship. He informed his employer on November 20, 1979, *before* he returned from his leave of absence and *before* he conducted any discussions with the employer, that he intended to resign. He did not explore the possibility of extending his leave of absence, even though the record indicates that the employer did not require him to return to work at any specific time. The employer never threatened to terminate the petitioner's employment if he failed to return to work on November 21.

Similarly, the petitioner has never indicated whether his medical condition was temporary or permanent. He made no attempt to explore the possibility that nondriving work could have been made available to keep him occupied until he fully recovered from his medical problem. Since the petitioner was given work for one full day as a sweeper, he had some indication that light work might be made available on an interim basis. Nevertheless, he did not attempt to pursue this with his supervisor. Instead, he merely assumed that no other work would be available and submitted his resignation *as previously planned.*

Where a claimant attempts to establish the futility of a formal request for a transfer to lighter work, we hold that he must still demonstrate that he has made a reasonable effort in good faith to preserve the employment relationship. The record in this case would not support a conclusion that the petitioner made a reasonable attempt to preserve his employment, and so we must affirm the Board's denial of benefits.

ORDER

AND NOW, this 7th day of August, 1981, the order of the Unemployment Compensation Board of Review, at No. B-182458, entered March 26, 1980, affirming the decision of a referee which denied unemployment compensation benefits to Ernest J. Genetin, is hereby affirmed.

DISSENTING OPINION BY JUDGE CRAIG:

I must respectfully dissent because the record does not disclose sufficient evidence upon which to base a disqualification under Section 402(b)(1).

Elaborating upon the premise that an employee must make a good faith effort to preserve the employment relationship before quitting for health reasons, we held in *Wenrich v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 186, 382 A.2d 1303 (1978) that the third requirement of *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977) could be satisfied if an employee seeks and accepts lighter work where possible, or if the employee requests a leave of absence.

However, in the present situation we are precluded from negating the claimant's eligibility for benefits without a specific finding as to whether suitable lighter work was available for him, in light of the holding in *Deiss* that an employee need not request a job transfer where such a request would be futile. Although the record testimony suggests that no work was available which the claimant could perform within the limits of his disability, the compensation authorities made no finding on the point.

Moreover, a request for leave of absence cannot be a flat prerequisite for eligibility in all these cases because a leave of absence does not provide a solution where the employee's disability is permanent; a leave is appropriate only where the health problem is temporary and the employee anticipates an ultimate return to his employment.

Accordingly, I would vacate the decision below and remand to the board, to receive additional evidence if necessary, in order to make findings as to whether lighter work was in fact available to claimant at the time he quit his position, and also whether the claimant was temporarily or permanently disabled, with

respect to his duty to request an extension of his leave of absence.