Joyce L. Swaynos, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

528

Submitted on briefs October 3, 1983, to President Judge CRUMLISH, JR., and Judges BARRY and BARBIERI, sitting as a panel of three.

Walter C. Pruchnik, Jr., for petitioner.

Richard F. Faux, Associate Counsel, with him Richard L. Cole, Jr., Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 29, 1984:

Joyce L. Swaynos appeals an Unemployment Compensation Board of Review order denying her benefits. We reverse and remand.

Swaynos' husband's employment as general manager of Berwind Railway Corporation's car repair shop in Windber, Pennsylvania, was terminated when Berwind closed that facility. His search for similar employment took him to Fitzgerald, Georgia, where

he obtained a position with Fitzgerald Railcar Service. Swaynos then notified her supervisor at the A & P Company's Johnstown grocery store that, under the circumstances, she was leaving her employment to relocate in Georgia.

Swaynos' application for benefits was granted by the Office of Employment Security but, on appeal by A & P, the referee reversed, finding that Swaynos had not made a good faith effort to obtain a transfer to a position with A & P in Georgia, concluding that she left her employment without cause of a necessitous and compelling nature and, thus, holding her disqualified by Section 402(b)(1) of the Unemployment Compensation Law.[1]

Swaynos now argues, and we agree, that a finding of an absence of good faith effort to obtain a transfer cannot by itself support a determination that a claimant's voluntary employment termination was without necessitous and compelling cause. In *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982), *rev'g* 61 Pa. Commonwealth Ct. 133, 433 A.2d 565 (1981), our Supreme Court held that, where an employee can no longer perform her regular duties because of circumstances beyond her control, to remain eligible for benefits she need only inform her employer of the circumstances and her inability to continue in her present position. Any duty respecting a transfer lies with the employer, *id.* at 132, 451 A.2d at 1356, because

> [t]he availability of an employment position, the duties expected to be performed by one serving in that capacity, and the desirability of that individual for service in that capacity are

[1] Act of December 5, 1936, P.L. 2987, *as amended*, 43 P.S. §802-(b)(1).

managerial judgments over which the employee has no control. As long as the employee is available where a reasonable accommodation is made by the employer, . . . the employee has demonstrated the good faith effort to maintain the employment relationship required under the Act . . . . *To insist upon the employee's initiating the request for an alternative position, would require a meaningless ritual that does not further the objectives of the Act.* (Citations omitted; emphasis added.)

*Id.* at 131, 451 A.2d at 1356. Thus, *under this disqualification provision,* an employee is not duty-bound to request transfer to a more suitable position, but to stand ready to accept his employer's offer of one.

A question not raised in this case, and which we therefore do not address, is whether the claimant met the basic compensation qualifications of applying for suitable work, which is set forth in Section 401(d)(1) of the Law.[2]

Therefore, as the disqualification in this case was premised upon Swaynos' failure to request a suitable position rather than her refusal of the employer's offer of one, the disqualification was erroneous and, accordingly, the Board's denial of benefits will be reversed and we shall remand for computation of benefits.

### ORDER

The Unemployment Compensation Board of Review order in Appeal No. B-81-99-A-969, dated November 17, 1981, is hereby reversed and the matter is remanded for computation of benefits. Jurisdiction relinquished.

---

[2] 43 P.S. §802(b)(1).