James BAILEY, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1994.

Decided Jan. 5, 1995.

Jeffrey A. Less, for petitioner.

Norina K.S. Stone, Clifford F. Blaze, Christina M. Tarantelli, for respondent.

Before COLINS, President Judge, and DOYLE (P.) and NEWMAN, JJ.

COLINS, President Judge.

James Bailey petitions this Court for review of an Unemployment Compensation Board of Review (Board) order declaring him ineligible for benefits pursuant to Section 402(b) of the Unemployment Compensation Law,[1] 43 P.S. § 802(b). We affirm.

The Board found that Bailey was last employed by the School District of Philadelphia (School District) as a non-teaching assistant from February 13, 1983 through December 13, 1992, at the bi-weekly wage of $961.69. His job as a non-teaching assistant consisted

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

   Section 402(b) provides:

   An employe shall be ineligible for compensation for any week—

   . . . . .

   (b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

mostly of closely working with school children. Bailey voluntarily quit his employment on January 8, 1993 because he had reason to believe he was HIV positive. It was also his personal belief that he could transmit this disease to school children if he remained in his job. Although the Board does not specifically mention the communicable disease which Bailey believed he had, both parties state in their briefs that he was later determined to suffer from the Human Immunodeficiency Virus (HIV) which causes Acquired Immune Deficiency Syndrome (AIDS).

When Bailey left his employment, it had not yet been medically determined that he was HIV positive. Bailey did not inform the School District of any specific health problem which he may have had, nor did he ask for a medical leave of absence, which was available to him, before quitting his job. He also failed to ask for an administrative transfer, which was available to him, before leaving his employment. The Board did find, however, that continuing work was available to Bailey had he wished to stay employed. (*See* Board's Findings of Fact Nos. 1–8.)

The Board concluded in pertinent part that "because claimant failed to communicate his health concerns to his employer prior to quitting his job, he is ineligible for benefits under Section 402(b) of the Law." (Board opinion, p. 2.) A petition for review to this Court followed.

■ The sole issue now before this Court is whether Bailey had cause of a necessitous and compelling nature to voluntarily terminate his employment.[2]

Bailey specifically contests the Board's eighth finding of fact that "[c]ontinuing work was available for the claimant, had he desired to remain employed." Bailey argues that this finding is unsupported by substantial evidence and is actually counter to such evidence. He also argues that he was able and available for work, had the School District any suitable work to offer him. Bailey asserts that the Board misapplied applicable

law to its findings that he failed to communicate a specific health problem to the School District and that he failed to request a medical leave or an administrative transfer.

In his resignation letter to the School District, Bailey wrote: "I James B. Bailey Non Teaching Assistant [sic] would like to resign my position at Tanner Duckery [sic] Elementary School as of 1-8-93 4:30 p.m. Due to ill health."

In *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982), the Pennsylvania Supreme Court stated:

> Where an employee because of a physical condition, can no longer perform his regular duties, he must be available for suitable work, consistent with the medical condition, to remain eligible for benefits. *However, once he has communicated his medical problem to the employer and explained his inability to perform the regularly assigned duties, an employee can do no more.* The availability of an employment position, the duties expected to be performed by one serving in that capacity, and the desirability of that individual for service in that capacity are managerial judgments over which the employee has no control. As long as the employee is available where a reasonable accommodation is made by the employer, that is not inimical to the health of the employee, the employee has demonstrated the good faith effort to maintain the employment relationship required under the Act. Cf. *Fennessy Unemployment Compensation Case*, 184 Pa.Super.Ct. 492, 135 A.2d 814 (1957); *Sabella v. Unemployment Compensation Board of Review*, 52 Pa.Commonwealth Ct. 258, 415 A.2d 722 [1980].

*Id.* at 130–131, 451 A.2d at 1356. (Emphasis added).

■ It is clear from this language that an employee first has an obligation to inform his employer of the nature of his health problem and to explain why he cannot contin-

2. Our scope of review is limited to a determination of whether an error of law was committed, constitutional rights were violated, or substantial evidence supports the findings of fact. *Quinn,*

*Gent, Buseck and Leemhuis v. Unemployment Compensation Board of Review*, 147 Pa.Commonwealth Ct. 141, 606 A.2d 1300 (1992).

ue to perform his job duties. If an employee does not make this initial effort, the employer cannot properly exercise its managerial judgment in locating suitable, available work. While Bailey was not required to ask for a transfer, *Genetin*, or a leave of absence, *Moss v. Unemployment Compensation Board of Review*, 111 Pa.Commonwealth Ct. 229, 533 A.2d 816 (1987), he was responsible to remain available for work once a reasonable accommodation was made for him. In this instance, Bailey resigned without informing the School District of his specific health concerns, and so no reasonable accommodation could have been made.

■ Bailey contends that he should not have had to disclose the specifics of his health condition to the School District because: 1) it would have been futile since no alternative jobs were available; and 2) the School District had no policy concerning HIV positive employees.

· With regard to his first contention, Bailey cites *Hoffman v. Unemployment Compensation Board of Review*, 107 Pa.Commonwealth Ct. 570, 528 A.2d 1050 (1987). In *Hoffman*, the claimant voluntarily terminated her employment for health reasons without offering her employer any pertinent medical documentation concerning the status of her health and physical restrictions. We stated in that case that "[w]e do not believe that under *Genetin*, a claimant's only duty is to communicate that she is in ill-health and quitting." *Hoffman* at 574, 528 A.2d at 1052. Nevertheless, we reversed the Board's award denying benefits because the record established, through the testimonies of both the claimant's supervisor and the employer's representative, that a request for suitable work by the claimant would have proved futile.

We specifically held in *Hoffman* that

although an employer is under no duty to offer alternative employment to an employee when the employee's account of her medical condition is admittedly vague, this failure to properly communicate is not fatal to eligibility under Section 402(b)(1) when

evidence in the record shows that no suitable work would have been available.

*Id.* at 576, 528 A.2d at 1053.

Even so, we conclude that *Hoffman* is distinguishable from the case at bar. Here, while Bailey testified that no suitable, alternative work was available at the time he quit his job, the School District's representative testified only that he did not know of any job postings as of January 7, 1993. He did *not* testify that the School District would have been unable to offer Bailey a job accommodating his health concerns had it been informed of Bailey's specific health condition. Therefore, Bailey's futility argument must fail.

■ Moreover, we reject Bailey's argument that specific disclosure is not required in this case because the School District has no policy as to HIV positive employees. Bailey's argument that informing the School District of his HIV status would lead to needless panic is insufficient to justify his failure to specifically inform the School District of his health condition. Although we sympathize with Bailey's concerns, there is no reason to treat him differently from other ill employees who are required to communicate the specific nature of their illnesses and the necessary restrictions, particularly because the School District has confidentiality rules regarding dissemination of employee records.

■ Bailey's additional argument that public policy dictates that he be found eligible for benefits is also unpersuasive. This is because Bailey has offered no evidence to convince us that public policy is thwarted by holding him, as an HIV infected employee, to the same standards as employees suffering from other ailments, who also maintain that they can work and who desire unemployment benefits.

We therefore affirm the Board's decision.

### ORDER

AND NOW, this 5th day of January, 1995, the order of the Unemployment Compensa-

tion Board of Review, dated November 17, 1993, No. B319312, is affirmed.